B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

RECEIVED JUN 06 2011 CLERK U S BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA DEPUTY CLERK

| PLAINTIFFS<br>Daniel Borsotti | DEFENDANTS<br>Scott Alan Niner |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Propria Persona | ATTORNEYS (If Known)<br>James T King    King & Associates<br>315 W Arden Ave. Ste. 28<br>Glendale, CA 91203 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Money judgement and to determine non-Dischargability of debt (11USC§523(a)(2), (4) and (6)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $250,000.00 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Scott Alan Niner | BANKRUPTCY CASE NO.<br>2:11-bk-18734 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles || NAME OF JUDGE<br>Thomas B. Donovan |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>June 6, 2011 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Daniel Borsotti |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Daniel Borsotti<br>27508 Sycamore Creek Drive<br>Valencia, CA 91354<br>Propria Persona<br>661-857-2114<br><br>**RECEIVED**<br>**JUN 06 2011**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>*Attorney for Plaintiff* Pro Per | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>Scott Alan Niner<br><br>Debtor. | CHAPTER __7__<br><br>CASE NUMBER 2:11-bk-18734-TD<br><br>ADVERSARY NUMBER |
|---|---|
| Daniel Borsotti<br>Plaintiff(s),<br><br>vs.<br><br>Scott Alan Niner<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF**<br>**STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)                                                                                                    **F 7004-1**

Summons and Notice of Status Conference - *Page 2*                            F 7004-1

| In re | Scott Alan Niner | | CHAPTER __7__ |
|---|---|---|---|
| | | Debtor. | CASE NUMBER 2:11-bk-18734-TD |

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF Los Angeles

1.  I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:

    27508 Sycamore Creek Drive, Valencia, CA 91354.

2.  ☒ **Regular Mail Service:** On 06/06/11, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at Santa Clarita, California, addressed as set forth below.

3.  ☐ **Personal Service:** On _____, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4.  Defendant(s) and address(es) upon which service was made:

    Scott Alan Niner         Debtor's Counsel:   James T. King (King & Associates)
    25809 Terquesa Drive                         315 W Arden Ave. Ste. 28
    Valencia, CA 91355                           Glendale, CA 91203

                                                                    ☐ Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 6/6/11

Daniel Weber                                        _/s/ signature/_
*Type Name*                                         *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                                     F 7004-1

Daniel Borsotti
27508 Sycamore Creek Drive
Valencia, CA 91354
Telephone:   (661) 857-2114

In Pro Per

FILED
JUN 06 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SCOTT ALLAN NINER<br><br>        Debtor.<br>―<br><br>DANIEL BORSOTTI,<br><br>        Plaintiff,<br>vs.<br><br>SCOTT ALLAN NINER, an individual,<br><br>        Defendant. | Case No.:     2:11-bk-18734-TD<br><br>Chapter 7<br><br>Adversary No.:<br><br>**COMPLAINT FOR MONEY JUDGMENT AND TO DETERMINE NON-DISCHARGEABILITY OF DEBT 523(a) (2), (4) AND (6)** |

Plaintiff, DANIEL BORSOTTI, an individual, alleges as follows:

1.    On or about March 1, 2011, Defendant Scott Allan Niner filed a petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court, Central District of California, as Case No. 2:11-bk-18734-TD (the "Niner Bankruptcy"). Objections to discharge herein are due by June 13, 2011.

1

COMPLAINT FOR MONEY JUDGMENT

AND NON-DISCHARGEABILITY OF DEBT

2.      This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      Plaintiff requests jury trial any and all issues triable by jury.

4.      This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I). This proceeding is related to the individual Niner Bankruptcy presently pending in the United States Bankruptcy Court for the Central District of California pursuant to the authority vested in it by 28 USC .§§ 157(a).

5.      Under the provisions of 28 U.S.C. §§ 1408, 1409, venue of this proceeding is proper in the above-entitled Court.

### **PARTIES**

6.      At all times relevant hereto, Debtor Scott Niner (hereinafter "Debtor" or "Defendant") was a resident of Los Angeles County, California.

7.      Plaintiff Daniel Borsotti is an individual and a creditor of this Debtor, and holds a Judgment against him, entered on May 18, 2009, after a Court Trail in the case of <u>Borsotti v. Niner et. al.</u>, Los Angeles Superior Court Case No. PC 040224. A true and correct copy of this Judgment is attached hereto and incorporated herein as Exhibit "A".

8.      On or about July 10, 2009, Plaintiff Borsotti appealed the decision in LASC Case No. PC 040224, as to the causes of action for fraud and breach of

2

COMPLAINT FOR MONEY JUDGMENT
AND NON-DISCHARGEABILITY OF DEBT

fiduciary duty. That appeal was set to be heard on June 3, 2011, but has been Stayed due to the Niner Bankruptcy. **The outcome of that appeal will bear directly on the dischargeability of the judgment against the Debtor.**

## FACTUAL BACKGROUND

9. Commencing in or about February 2006, Defendant engaged in a pattern of fraud and wrongdoing by which he fraudulently obtained substantial monies from Plaintiff by means of actual fraud, breach of fiduciary duty, and wilful and malicious conduct within the meaning of 11 U.S.C. Sections 523(a) 2, 4 and 6.

10. In or about February 2006, because of Defendant's false representations to the Plaintiff, the Defendant and Plaintiff entered into an oral contract, by which the Plaintiff agreed to purchase the Defendant's home, located at 27508 Sycamore Creek Drive, Valencia, California, at a fixed price. The Defendant purportedly agreed, but in fact misrepresented, that he would pay a monthly sum of rent in order to continue living on the premises, maintain the condition of the home and property in a clean and habitable manner, and purchase back from the Plaintiff the identical property, after a 24-month period ending in May 2008, at the fair market value, regardless of the condition of the real estate market. The Plaintiff justifiably relied upon the Defendant's representations when made and believed them to be true.

11. As a result of this oral contract, the terms and conditions of the purchase were reduced to writing in the form of an escrow, and subsequently a rental agreement. The rental agreement was signed by the parties on or about May 1, 2006.

12. Pursuant to the oral contract, the parties opened escrow on the property for its purchase. The escrow instructions contained the full terms of the purchase of the property, including its price, and fully identified the real property and purchase agreement. On a date agreed to by the parties, escrow closed on the property.

13. The Plaintiff fulfilled all his obligations under the contract. The Defendant failed to pay the rent in a timely fashion and failed to maintain the property in a clean and habitable manner. To the contrary, Defendant refused to pay rent and rendered the property in a filthy manner and caused it to become dilapidated and lose value. The Defendant never intended to perform under the contract.

14. Because of the Defendant's breach of contract, and failure to maintain the condition of the property, the value of the property has been substantially reduced.

15. On or about February 17, 2007, Plaintiff brought an action against the Defendant for breach of contract, fraud, and breach of fiduciary duty. (LASC Case No. PC 040224) On May 18, 2009, after a Court Trial, the court rendered its decision on the breach of contract cause of action in favor of Plaintiff and against Defendant, and assessed damages in the amount of $31,698.11, plus accruing post-judgment interest. The Judgment entered by the Court is attached hereto and incorporated herein as Exhibit "A".

16. On or about July 10, 2009, Plaintiff Borsotti appealed the Court's decision, specifically as to the causes of action for fraud and breach of fiduciary duty. That appeal was set to be heard on June 3, 2011, but has been Stayed due to the

Niner Bankruptcy.  **The outcome of that appeal will bear directly on the dischargeability of the judgment against the Debtor.**

### FIRST CLAIM FOR RELIEF
### (Money Obtained by False Pretenses, False Representations and/or Actual Fraud)

17.  Plaintiff incorporates each of the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

18.  Defendant Scott Niner made false representations to the Plaintiff that Defendant would pay a monthly sum of rent in order to continue living on the premises, maintain the condition of the home and property in a clean and habitable manner, and purchase back from the Plaintiff the identical property, after a 24-month period ending in May 2008, at the fair market value, regardless of the condition of the real estate market, in exchange for Plaintiff purchasing the property from the Defendant at the time the contract was formed.

19.  These representations were made by Defendant with the intent to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on the representations.

20.  Defendant made these representations without any intention of performing the contractual terms, paying the monthly rent, or maintaining the condition of the home and property in a clean and habitable manner.

21. The representations made by Defendant were false and Defendant knew them to be false at the time they were made.

22. Plaintiff reasonably relied on the misrepresentations made by Defendant, and entered into the agreement because of those representations. But for the Defendant's misrepresentations, the Plaintiff would not have entered into the contract. Plaintiff's reliance on Defendant's misrepresentations was justified because Defendant had a fiduciary relationship with, and fiduciary duty to, the Plaintiff as his representative payee and de facto conservator.

23. The Defendant refused and failed to pay the rent in a timely fashion, and failed to maintain the property in a clean and habitable manner. To the contrary, Defendant rendered the property in a filthy manner and caused it to become dilapidated and lose value. The Defendant never intended to perform under the contract.

24. Plaintiff was damaged by the Defendant in an amount to be proven at trial.

25. Each and all of the acts complained of herein constituted actual fraud within the meaning of 11 U.S.C. § 523(a)(2).

## SECOND CAUSE OF ACTION
### (Embezzlement and/or Defalcation of a Fiduciary)

26. Plaintiff incorporate each of the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

27.    Following a debilitating and disabling automobile accident on May 3, 2001, Plaintiff appointed Defendant Niner as one of his representative payees. Among other responsibilities, the Defendant was to administer funds received by Plaintiff from the Social Security Administration, and to oversee Plaintiff's financial affairs in a responsible manner. As a result, Defendant and Plaintiff had a fiduciary relationship, and the Defendant owed the Plaintiff a fiduciary duty of care.

28.    Defendant breached his fiduciary duty by making the misrepresentations that he would pay a monthly sum of rent in order to continue living on the premises, maintain the condition of the home and property in a clean and habitable manner, and purchase back from the Plaintiff the identical property, after a 24-month period ending in May 2008, at the fair market value, regardless of the condition of the real estate market, in exchange for Plaintiff purchasing the property from the Defendant at the time the contract was formed.

29.    As a result of entering into this agreement, and performing the terms of the agreement, the Plaintiff purchased the property and incurred a significant financial hardship, including incurring indebtedness for a mortgage. Plaintiff would not have entered into this contract but for the Defendant's misrepresentations.

30.    Defendant's fiduciary duty to the Plaintiff included safeguarding the Plaintiff from entering into agreements which would adversely affect the Plaintiff's finances.

7

COMPLAINT FOR MONEY JUDGMENT
AND NON-DISCHARGEABILITY OF DEBT

31. The Defendant's misrepresentations and breach of fiduciary duty are the actual and proximate cause of the Plaintiff's damages. Plaintiff has been damaged in an amount to be proven at trial.

32. The conduct of the Defendant constituted breach of fiduciary duty within the meaning of 11 USC Section 523(a)(4).

## THIRD CAUSE OF ACTION
### (Willful and Malicious Injury to Another Entity or the Property of Another Entity §523 (a)(6))

33. Plaintiffs reallege and incorporate herein each and every allegation as set forth in paragraphs 1 through 31 above as though fully set forth herein.

34. The Defendant's wrongful acts as set forth herein were intentional and intended to cause harm to Plaintiff, and were intended to cause injury beyond the mere acts themselves.

35. As a direct result of the Defendant's wrongful acts set forth herein, Plaintiff has suffered damages in an amount to be proven at trial.

36. By reason of the conduct of the Defendant, any such obligation must be excepted from any discharge received herein, pursuant to 11 U.S.C. Section 523(a)(6).

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That this Court enter a money judgment in favor of Plaintiff and against Defendant, and that it make a determination that the judgment and indebtedness of Defendant to Plaintiff is non-dischargeable under 11 U.S.C. Sections 523(a)(2), 523(a)(4) and 523(a)(2)(6);

2. For punitive damages on those claims for relief to which Plaintiff is entitled to the same;

3. For costs and reasonable attorneys' fees incurred herein to the extent permitted by law;

4. For such other and further relief as the Court deems just and proper.

Dated:    June 6, 2011

By: _____
Daniel Borsotti
In Pro Per

# Borsotti V. Niner's

## Case No.: 2:11-bk-18734-TD

## Bankruptcy

# Exhibit -A-

ORIGINAL JUDGEMENT PC040224 CASE

June 06, 2011

E. Joseph Kerendian, Esq.   Bar # 186343
Law Offices of R. Joseph Kerendian
3540 Wilshire Blvd., Suite 600
Los Angeles, CA 90010
Telephone: (213) 487-6570   Fax: (213) 487-6458

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Street Address: 9425 Penfield Ave.
City and Zip Code: Chatsworth 91311
Branch Name: North Valley

PLAINTIFF: Daniel Borsotti

DEFENDANT: Scott Alan Niner; Robin Niner

FILED
LOS ANGELES SUPERIOR COURT
MAY 18 2009
JOHN A. CLARKE, CLERK
By CANDACE ____, Deputy

JUDGMENT:
- [ ] By Clerk
- [X] By Court
- [ ] By Default
- [ ] On Stipulation
- [X] After Court Trial
- [ ] Defendant Did Not Appear at Trial

Case Number: PC040224

**JUDGMENT**

1. [ ] BY DEFAULT
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. [ ] Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. [ ] Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) [ ] plaintiff's testimony and other evidence.
      (2) [ ] plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. [ ] ON STIPULATION
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. [ ] the signed written stipulation was filed in the case.
   c. [ ] the stipulation was stated in open court      [ ] the stipulation was stated on the record.

3. [X] AFTER COURT TRIAL. The jury was waived. The court considered the evidence.
   a. The case was tried on (date and time): February 17, 2009 at 8:30 a.m.
      before (name of judicial officer): Honorable Margaret L. Oldendorf
   b. Appearances by:
      [X] Plaintiff (name each):
         (1) Daniel Borsotti
         [ ] Continued on Attachment 3b.
      [X] Plaintiff's attorney (name each):
         (1) Richard Miller, Esq.

      [X] Defendant (name each):
         (1) Scott Niner
         (2) Robin Niner
         [ ] Continued on Attachment 3b.
      [X] Defendant's attorney (name each):
         (1) Juan R. Lizzeti, Esq.
         (2)

   d. [X] A statement of decision (Code Civ. Proc., § 632)  [ ] was not  [X] was requested.

PLAINTIFF: Daniel Borsotti

DEFENDANT: Scott Alan Niner; Robin Niner

CASE NUMBER: PC040204

JUDGMENT IS ENTERED AS FOLLOWS BY [X] THE COURT  [ ] THE CLERK

4. [ ] Stipulated Judgment. Judgment is entered according to the stipulation of the parties.

5. 
   a. [X] for plaintiff (name each):
       Daniel Borsotti
       and against defendant (name each):
       Scott Niner; Robin Niner
       [ ] Continued on Attachment 5a

   c. [ ] for cross-complainant (name each):
       and against cross-defendant (name each):
       [ ] Continued on Attachment 5c

   b. [ ] for defendant (name each):
   d. [ ] for cross-defendant (name each):

6. AMOUNT
   a. [X] Defendant named in item 5a above must pay plaintiff on the complaint:
      (1) [X] Damages           $ 22,165.92
      (2) [X] Prejudgment        $ 5,435.96
              interest at the
              annual rate of      %
      (3) [ ] Attorney fees      $
      (4) [X] Costs              $ 4092.23 CL
      (5) [ ] Other (specify):   $
      (6) TOTAL                  $ 31,694.11 CL

   c. [ ] Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:
      (1) [ ] Damages            $
      (2) [ ] Prejudgment         $
              interest at the
              annual rate of      %
      (3) [ ] Attorney fees      $
      (4) [ ] Costs              $
      (5) [ ] Other (specify):   $
      (6) TOTAL                  $

   b. [ ] Plaintiff to receive nothing from defendant named in item 5b.
       [ ] Defendant named in item 5b to recover costs $ and attorney fees $

   d. [ ] Cross-complainant to receive nothing from cross-defendant named in item 5d.
       [ ] Cross-defendant named in item 5d to recover costs $ and attorney fees $

7. [X] Other (specify): Award of costs to be determined based on timely filed memo(s) of costs and applicable post-trial motions

Date: MAY 18 2009

[X] [signature]
MARGARET L. OLDENDORF

[ ] Clerk, by _____

CLERK'S CERTIFICATE (Optional)

I certify that this is a true copy of the original judgment on file in the court.

Date: SEP 09 2009

Clerk, by [signature]
Sandra Casillas

JUDGMENT