FILED & ENTERED

SEP 14 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning   DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Scott Allan Niner<br><br><br><br>Debtor.<br><br>_____<br><br>Daniel Borsotti<br><br>Plaintiff,<br><br>v.<br><br>Scott Allan Niner<br><br>Defendant. | CHAPTER 7<br><br>Case No.: 2:11-bk-18734-TD<br>Adv No:  2:11-ap-02293-TD<br><br>**ORDER  DIRECTING PLAINTIFF TO EXPLAIN IN WRITING WHY THIS ADVERSARY PROCEEDING SHOULD NOT BE DISMISSED WITH PREJUDICE**<br><br>Date:      November 1, 2012<br>Time:     11:30 a.m.<br>Courtroom:   Courtroom 1345 |

At our August 11, 2011 status conference hearing, the court was advised by the parties that Plaintiff had sued Defendant and Defendant's wife Robin in state court; that the state court had determined after trial that Defendant was liable to Plaintiff for about $22,000 for breach of an oral lease, plus court costs and interest; but had denied all

-1-

other claims, including (apparently) several claims asserted against Defendant and Defendant's wife for fraud and breach of fiduciary duty.  Plaintiff acknowledged the foregoing on the record at the hearing but stated that the state court decision was on appeal.

In consideration of the appeal, and after granting relief from the automatic stay to Plaintiff to enable him to pursue his appeal, the court set the next status conference hearing for June 14, 2012, after the court was advised by Defendant's counsel that the California Court of Appeal had issued a written decision on Plaintiff's appeal.  On June 13, 2012, the court was furnished with a copy of the written decision of the California Court of Appeal, Second Appellate District, Division Seven, issued December 13, 2011, as an exhibit to Defendant's status conference report.  The appellate decision affirmed the decision of the California trial court.  The appellate decision also noted that Plaintiff had failed to provide the appellate court with an adequate record sufficient to enable meaningful review of Plaintiff's failed breach of fiduciary duty claims against Scott Niner's wife Robin Niner.  Notwithstanding, at the June 14, 2012 hearing in this adversary proceeding, Plaintiff asserted orally, without providing a plausible explanation, any appellate notice or order, or any corroborating evidence, that his appeal in the state court was ongoing.

At a further status conference hearing in this court, on July 17, 2012, Defendant asserted, also without providing any admissible corroborating evidence, that the California appellate court had previously declined Plaintiff's written request for further review or hearing, as indicated in a postcard response received by Defendant's counsel shortly after the appellate court had received Plaintiff's earlier request for further hearing.

In short, to date, this court has read and heard various written assertions and oral comments at status conference hearings. None of the written allegations or oral assertions have been documented or authenticated by either party except other than the December 13, 2011 California appellate decision mentioned above.

To clarify the issue, the court directs Plaintiff to demonstrate either (a) that his state court appeal is still pending or (b) that the December 13, 2011 California appellate decision has been altered, amended, withdrawn, or reversed. He has yet to furnish documentary evidence to prove either.

On June 13, 2012, Plaintiff also filed in his adversary proceeding a document entitled First Amended Complaint. As to this document, the court notes three serious defects: First, this court was neither requested to, nor did it, grant Plaintiff leave to file such a pleading. Second, Plaintiff's First Amended Complaint, stating a new Second Cause of Action against new Defendant Robin Niner was filed without leave of court more than 21 days after Defendant Scott Niner filed a motion under Rule 12(b) that was granted by this court's order entered September 1, 2011 dismissing Plaintiff's Second Cause of Action with prejudice. Third, Plaintiff's naming of Defendant Scott Niner's wife Robin Niner as an additional Defendant appears to be untimely and improper, as asserted orally by Defendants' counsel at the court's July 17, 2012 hearing (a) as the court reads Federal Rule of Bankruptcy Procedure 4007 and (b) also under 11 U.S.C. § 523(c)(1) and § 523(a)(3)(B). The allegations of Plaintiff's original adversary Complaint filed June 1, 2011, and his unauthorized "First Amended Complaint," filed without leave of court on June 13, 2012, contain admissions against Plaintiff's pecuniary interests demonstrating that he has known since June 1, 2011, of the claims that he now untimely attempts to assert against Robin Niner.

This court's conclusion in this latter regard would appear to be conclusively established by (1) Plaintiff's state court judgment filed May 18, 2009, as an attachment to Plaintiff's Complaint herein and Plaintiff's "First Amended Complaint" herein and (2) the December 13, 2011 California Court of Appeal decision.

The court hereby directs and orders the Plaintiff to explain in writing, supported by documentation, as discussed above, why his Complaint and "First Amended Complaint" should not be dismissed with prejudice. Plaintiff's claims appear to have been fully litigated to a final decision against him in state court. The state court rulings appear to be conclusive against Plaintiff's nondischargeability claims asserted in this court. Thus, Plaintiff's claims herein appear to be barred by well-established legal principles of claim preclusion, under California law, and in this court under federal law.

Any response to this order shall be filed in writing and served by Plaintiff not later than October 18, 2012. Any response on behalf of Scott Niner or Robin Niner shall be filed not later than October 25, 2012. The hearing on this order hereby is scheduled for hearing before the court on November 1, 2012 at 11:30 a.m. in courtroom 1345.

DATED: September 14, 2012



United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **ORDER DIRECTING PLAINTIFF TO EXPLAIN IN WRITING SUPPORTED BY ADMISSIBLE DOCUMENTARY EVIDENCE, OR OTHERWISE, WHY THIS ADVERSARY PROCEEDING SHOULD NOT BE DISMISSED WITH PREJUDICE**
was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) 9/11/12, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

James T King on behalf of Defendant Scott Niner
ecfnotices@kingobk.com

Warren L Brown on behalf of Defendant Scott Niner
wbbk@msn.com

David L Hahn (TR)
trustee@hahnfife.com, dhahn@ecf.epiqsystems.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Plaintiff
Daniel Borsotti
27508 Sycamore Creek Dr
Valencia, CA 91354

Debtor/Defendant
Scott Allan Niner
25809 Turquesa Drive
Valencia, CA 91355

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9021-1.1.NOTICE.ENTERED.ORDER**